**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3470 Wilshire Blvd., Suite 614
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile:  (213) 383-7368
E-Mail:     maimons@aol.com

Attorney for Plaintiffs
SMITA T. SANGHVI,
TRUPTI MODY. TLC
RESOURCES, A CALIFORNIA
CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMITA T. SANGHVI ; TRUPTI MODY ; TLC RESOURCES, A CALIFORNIA CORPORATION,<br><br>Plaintiffs,<br><br>v<br><br>LILIA GARCIA BOWER, CALIFORNIA LABOR COMMISIONER; ADOLFO HERRERA, CALIFORNIA DEPUTY LABOR COMMISSIONER; ROBERT A. BONTA, CALIFORNIA ATTORNEY GENERAL; EDGAR FERRER; CELSO LAT; ROSALINA LAT; GODOFREDO DE LEON; DOES 1-10 INCLUSIVE,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF; STATE SUPPLEMENTAL CLAIM**<br><br>**[42 U.S.C. SECTION 1983 – VIOLATION OF CIVIL RIGHTS]**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs SMITA T. SANGHVI, TRUPTI MODY. TLC RESOURCES, A CALIFORNIA CORPORATION (collectively "Plaintiffs." or individually "SS," "TM." "TLC") hereby file the following Complaint and state and allege as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Sections 1331 and 28 U.S.C. Section 1343(a)(3). This action which arises under the United States Constitution and laws of the United States, specifically the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable under 42 U.S.C. Section 1983. State supplemental jurisdiction exists pursuant to 28 U.S.C. Section 1367.

### PARTIES

2. Plaintiff SS is an individual and the legal owner of MOUNTAIN VIEW CENTERS, a California Corporation ("MVC") that operates residential care facilities in Southern California for the elderly, and is licensed to do so by the State of California, and SS is a resident of San Bernardino County, CA.

3. Plaintiff TM is an is an individual and the agent for service of Process for TLC, and TM is a resident of San Bernardino County, CA.

4. Plaintiff TLC is a California Corporation, duly formed and in good standing and operating under the laws of the State of California.

5. Defendant LILIA GARCIA BOWER ("LB") was at all times relevant herein the California Labor Commissioner duly authorized to administer and enforce California Wage Hour law under the California Labor

Code. On information and belief, Plaintiffs allege that LB's principal place of employment is in Sacramento County, CA.

6. Defendant ADOLFO HERRERA ("AH") was at all times relevant herein a California Deputy Labor Commissioner duly authorized to administer and enforce California Wage Hour law under the California Labor Code. On information and belief, Plaintiffs allege that AH's principal place of employment is in San Bernardino County, CA.

7. Defendant ROBER A. BONTA ("RB") was at all times relevant herein the California Attorney General duly authorized to enforce California compliance with the California Labor Code by LB and AH and employers and employees subject to the California Labor Code.

8. Defendants EDGAR FERRER, CELSO LAT, ROSALINA LAT, and GODFREDFO DE LEON (collectively "TLC Employees," or individually "EF," "CL," "RL," "GDL") were at all times employees of TLC, and GDL was at all relevant times a resident of San Bernardino County, CA and CL, RL, and EF were at all relevant times a resident of Los Angeles County, CA.

9. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiffs is unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown

to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

10.   At all relevant times herein, TLC, which is an employment resource company, hired the TLC employees, and placed them to operate as residential live in care givers for MVC.

11.   During the course of the TLC employees acting as residential live in care givers for MVC, they were paid by TLC for all work performed, including overtime, and given all proper meal breaks, and TLC did not violate and Federal or California statutes or regulations, including statutes under the federal Fair Standards Labor Act ("FSLA") or the California Labor Code regarding their employment relationship with TLC.

12.   Nevertheless, the TLC employees filed claims against the Plaintiffs with the California Labor Commissioner's Office claiming violations of the California Labor Code in non payment of wages, overtime wages, mealm period premium wages, unlawful deductions, liquidated damages, and waiting time penalties, California Labor Commissioner Case Nos. WC-CM-774618 (EF claim), WC-CM 764429 (CL claim), WC-CM- 764433 (RL claim), and WC-CM-764422 (GDL claim).

13.  A hearing was held by AH on October 13, 2023 in San Bernardino County, CA , and present were EF, CL, and GDL, and SS, and TM, and TLC.

14.   After hearing testimony and evidence from the parties, AH took the claims under submission and on March 17, 2025, mailed to Plaintiff his decisions regarding the claims, and finding that SS and TM were not liable and that TLC was the defendant liable for $57,647.89 to GDL, $43,049.36 to CL, $90,407.80 to CL,

4

and $50,622.46 to EF. AH also sent a separate order that TLC owed nothing to EF ("Orders").

15. The Orders advised Plaintiffs that the orders were not final if TLC files an appeal under California Labor Code Section 98.2, and that in doing so, TLC must post a bond for amounts awarded under California Labor Code Section 98.2(b).

16. Plaintiff TLC does not have the funds to post such a bond and requiring one substantially burdens TLC's First Amendment Petition rights, and other rights as will be alleged herein.

17. Although the Orders were only made against TLC, the notice of payment due was sent to all the Plaintiffs.

Based on the above facts, Plaintiffs allege the following claims:

## FIRST CLAIM OF RELIEF

### (Violation of 42 U.S.C. Section 1983 by Plaintiffs
### Against All Defendants)

17. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-16 above.

18. Plaintiffs allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

19. Plaintiffs further allege that in doing all of the things herein mentioned, all of the defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of the Plaintiffs, in particular their individual rights under the First and Fourteenth Amendment of the United States Constitution

Petition and Grievances Clause; the Fourth and Fourteenth Amendment of the United States Constitution Search and Seizure Clause; the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and the Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural Components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause, and, but not limited to, that the Orders and notice of the Orders are "void for vagueness" under the Fourteenth Amendment's Due Process Clause.

20. Plaintiffs further allege that in doing all of the things herein mentioned, LB and AH and RB, violated and further threaten to violate the constitutional and civil rights of the Plaintiffs, as described in paragraphs 1-16 set forth herein, pursuant to the official policy, custom or practice of the California Labor Commissioner under California Labor Code Sections 98.2 and 98.2(b).

21. The TLC employees and individual employees whose identity are unknown now, are not entitled to qualified immunity.

22. As a proximate result of the foregoing actions of the defendants and each of them, Plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $1,000,000.00 against each of the TLC employees D and are also entitled to appropriate declaratory and injunctive relief against LB, AH, and RB. Plaintiffs are also entitled to their reasonable attorney's fees under 42 U.S.C. Section 1988.

## SECOND CLAIM OF RELIEF

### (De Novo Hearing appeal Request by Plaintiffs Against All Defendants)

23.   Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-22above.

24.   Plaintiffs' equitable state remedy in seeking review of the City's decision to deny the Plaintiffs' appeal of the Notice is to seek a de novo hearing by way of this claim under California Labor Code Section 98.2..

25.   LB and RH violated its duties both under California state law and federal law, and specifically, although not limited to, violating by the issuance of the Orders the manner as required by law, without the support of competent evidence and holding the submission for over one year.

26.   Plaintiffs elect to not expose their federal constitutional claims in this state Writ Petition and preserve their federal constitutional claims to be litigated under 42 U.S.C. 1983 and by way of an England reservation. See England v Medical Examiners, 375 U.S. 411 (1964).

27.   Further, this claim for relief is a special proceeding under California state law and has no preclusive effect on Plaintiffs' constitutional claims under 42 U.S.C. Section 1983, and such constitutional claims and remedies provided under 42 U.S.C. Section 1983 is supplemental to any state remedy and not contingent on such state remedy.

28.   By LB and RB failing to give the required notice under.applicable California law, the claim and is also equitably tolled under Ninth Circuit precedent.

7

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial but believed to be not less than $1,000,000.00;

2. For appropriate declaratory and injunctive relief;

3. For attorney's fees;

### SECOND CLAIM FOR RELIEF

4. For a de novo hearing and order vacating and reversing the Orders;

### FOR ALL CLAIMS FOR RELIEF

5. For costs of suit;

6. For such other and further relief as the Court deems proper.

Dated: March 27, 2025                    LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiffs SMITA T. SANGHVI,
TRUPTI MODY. TLC RESOURCES,
A CALIFORNIA CORPORATION

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: March 27, 2025       LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser

FRANK A. WEISER, Attorney for
for Plaintiffs SMITA T. SANGHVI,
TRUPTI MODY. TLC RESOURCES,
A CALIFORNIA CORPORATION

9